# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LORENZO AARON HARRIS-THOMPSON,<br><br>      Defendant. | Case No. CR11-0055<br><br>ORDER FOR PRETRIAL DETENTION |

————————————————

On the 27th day of April, 2011, this matter came on for hearing on the Defendant's Request for Detention Hearing (docket number 31) filed by the Defendant on April 21, 2011. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## RELEVANT FACTS

On March 8, 2011, Defendant Lorenzo Aaron Harris-Thompson was charged by Indictment (docket number 6) with being an unlawful drug user and domestic violence misdemeanant in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 23, 2011.

Mount Vernon Police Officer Todd Gehrke testified regarding the circumstances underlying the instant charges. In late August 2010, law enforcement was alerted to suspicious activity at a house in Mount Vernon, Iowa. Specifically, the Mount Vernon Police Department received complaints of high traffic at the house late at night. Police initiated an investigation of the house, and performed a "trash rip" at the residence. The officers found marijuana seeds and stems in the trash.

1

Based on the findings of the trash rip, the police obtained a search warrant for the residence. The search warrant was executed on September 8, 2010. In a front bedroom, police officers found an AR-15 assault rifle in Defendant's possession. The assault rifle was leaning against the wall with ammunition nearby. Police officers also found marijuana and drug paraphernalia in the front bedroom. Police officers interviewed Defendant, and he admitted using marijuana and "handling" the assault rifle before they arrived to search the house.[1] Additional marijuana, marijuana roaches, a "white powdery substance," and a second AR-15 assault rifle were also found in other parts of the residence.

According to the pretrial services report, Defendant is 28 years old. He was born in Carbondale, Illinois. Most of his childhood was spent living in Carbondale or St. Paul, Minnesota. Defendant told the pretrial services officer that he lived in Houston, Texas for about six months in 2009 and 2010, before moving to Cedar Rapids, Iowa in March 2010. Defendant is single and has never been married. However, he has three children, ages 2, 2, and 6, from two relationships.

Defendant is currently unemployed, and has been unemployed since he moved to Cedar Rapids in March 2010. Defendant told the pretrial services officer that he planned to open an "exotic clothing" store in Cedar Rapids. He has no serious physical or mental health problems. Defendant stated he uses marijuana "every couple of months," but did not report when he last used it.

On October 21, 2001, at age 19, Defendant was charged and later convicted of driving without proof of insurance. He failed to appear for a hearing. Less than a month later, on November 17, 2001, while the first charge was pending, Defendant was charged and later convicted of leaving the scene of an accident. He failed to appear for arraignment, and an arrest warrant was issued and later served. On July 13, 2002, while the first two charges were pending, and while an arrest warrant in the second case was

_____

[1] Sophia Melendez, the mother of Defendant's child, was also interviewed by police, and she admitted purchasing the assault rifle.

outstanding, Defendant was charged and later convicted of driving without proof of insurance.

On October 24, 2002, while the first three charges were still pending, Defendant was charged and later convicted of driving after suspension. Defendant failed to appear for arraignment, and an arrest warrant was issued and later served. He was sentenced to 30 days in jail with 12 days suspended, and 1 year probation. Defendant then failed to appear to serve his jail time, and a second arrest warrant was issued and later served. Defendant was also found in violation of probation and ordered to serve 28 days in jail.

On October 30, 2002, while the leaving the scene of an accident and driving after a suspension charges were pending, Defendant was charged and later convicted of driving after revocation, possession of marijuana, and possession of drug paraphernalia. He failed to appear for pretrial hearings three different times, and two arrest warrants were issued.

On December 18, 2002, while the leaving the scene of an accident and driving after a suspension charges were pending, Defendant was charged and later convicted of driving after revocation. On December 20, 2002, the same day probation was imposed on the leaving the scene of an accident charge, Defendant was charged with driving after revocation. The charge was later dismissed.

On November 23, 2003, while on probation for the leaving the scene of an accident charge, and while an arrest warrant in the October 24, 2002, driving after suspension charge was outstanding, Defendant was charged and later convicted of giving a peace officer a false name. He was sentenced to 100 days in jail with 90 days suspended, and 2 years probation.

On May 26, 2004, while on probation for the providing a false name to a peace officer charge, Defendant was charged and later convicted of driving with no insurance. He was sentenced to 90 days in jail with 75 days suspended, and 1 year probation. He failed to appear to serve jail time and arrest warrant was issued. He was also found in violation of probation and ordered to serve 30 days in jail.

On March 19, 2007, Defendant was charged and later convicted of domestic assault. He failed to appear for his arraignment, and an arrest warrant was issued and later served. Next, he failed to appear for sentencing, and a second arrest warrant was issued and later served. He was sentenced to 6 days in jail and 1 year probation. He was found in violation of probation, and ordered to serve 10 days in jail and 1 year probation. In 2009, a violation of probation charge was filed and an arrest warrant was issued, but the warrant was recalled in April 2011, and his probation was discharged.

On July 11, 2007, while the domestic assault charge was pending, Defendant was charged and later convicted of driving after revocation. He failed to appear for arraignment twice, and two arrest warrants were issued and served. He was placed on a diversion program for one year.

On March 14, 2008, while on probation for the domestic assault charge, and 8 days after being placed in the diversion program, Defendant was charged and later convicted of possessing and selling marijuana. On December 15, 2008, while on probation for the domestic assault charge and being subject to the diversion program, Defendant was charged and later convicted of keeping a disorderly house.

On April 29, 2009, while on probation for the domestic assault charge, Defendant was charged and later convicted of driving without a valid license. Defendant failed to appear in this case, and an arrest warrant was issued. The warrant was quashed and Defendant paid a fine.

On September 8, 2010, while still on probation for the domestic assault charge, Defendant was arrested for a controlled substance violation, possession of a firearm as a felon, and child endangerment. These state charges appear to arise from the same circumstances giving rise to the instant charges. All charges were dismissed in March 2011, after an indictment was returned in this case. On the same date, Defendant was also charged in a separate action with keeping a disorderly house. This case remains pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being an unlawful drug user and domestic violence misdemeanant in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

5

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being an unlawful drug user and domestic violence misdemeanant in possession of a firearm. The weight of the evidence against Defendant is strong. It is undisputed that Defendant is a domestic violence misdemeanant. During a search of Defendant's residence, police officers found Defendant in possession of an assault rifle with ammunition nearby. Defendant admitted smoking marijuana and "handling" the assault rifle before the police arrived. Defendant has little connection to Iowa. He is a regular user of marijuana. He

has failed to appear for court proceedings 13 times in the past, including twice to serve jail time. Eleven warrants for his arrest have been issued due to his failure to appear at court proceedings. He has also been found in violation of his probation three times. He has committed additional criminal offenses while on probation or on supervised release. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on all the circumstances, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.  The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.  The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.  On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the request for a detention hearing (April 21, 2011) to the filing of this Ruling (April 28, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(D).

DATED this 28th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA